UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROXANNE SEVIN | CIVIL ACTION |
| VERSUS | NO. 10-1864 |
| BP AMERICA, INC. ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:   Defendants' Motion to Disqualify Jerri Smitko as Plaintiff's Attorney, Record Doc. No. 33

O R D E R E D:

 XXX : GRANTED. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to Defendants' Motion to Disqualify Jerri Smitko as Plaintiff's Attorney, Record Doc. No. 33, submitted for decision on November 16, 2011 without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit, the motion is GRANTED for the following reasons.

Rule 3.7(a) of the Louisiana Rules of Professional Conduct, made applicable to this case by Local Rule 83.2.3, provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>> (1) the testimony relates to an uncontested issue;
>> (2) the testimony relates to the nature and value of legal services rendered in this case; or
>> (3) disqualification of the lawyer would work substantial hardship on the client.

None of the three exceptions to this clear prohibition applies in the captioned matter. Plaintiff has listed her counsel of record as one of her witnesses at trial. Record Doc. No. 25 (Plaintiff's Witness List at ¶ 2). The evidence attached to the motion, specifically the

transcript of the deposition of her counsel, clearly establishes that counsel will be a necessary witness concerning contested issues <u>other</u> <u>than</u> the nature and value of legal services rendered in the case.  Although she has not yet formally enrolled as counsel of record, it appears that another lawyer of the firm representing plaintiff has been involved in the case, including representing present plaintiff's counsel at her deposition. Record Doc. No. 33-5 at p. 2.  Disqualification of <u>the</u> <u>law</u> <u>firm</u> has <u>not</u> been requested and does <u>not</u> (at least on the current record) appear to be justified.  La. R. Prof. Conduct 3.7(b).  The case does not appear so complicated that another lawyer of the firm (or even another lawyer who has not yet been involved in the case) could not adequately represent plaintiff at trial.  Under these circumstances, disqualification of the lawyer who will also be a material witness for plaintiff will not work a substantial hardship on plaintiff.  <u>See</u> <u>SAS Overseas Consultants v. Offshore Consultants USA, Ltd.</u>, 1998 WL 676992 (E.D. La. Sept. 30, 1998) (Vance, J.).  Accordingly, the motion is granted, and Jerri Smitko is disqualified from representing plaintiff in this case.

New Orleans, Louisiana, this   16th   day of November, 2011.

*[signature]*

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE